WILLIAM B. MERRIFIELD et al., Respondents, v. NELSON CANNIFF, Appellant.— STALEY, JR., J. Appeal from an order of the Supreme Court entered February 21, 1967 in Broome County which granted a motion by plaintiffs for a new trial. This action arose out of an automobile accident that occurred on November 14, 1964 at the intersection of Main and Walnut Streets in the City of Binghamton. The automobile owned and operated by the plaintiff, William B. Merrifield, and in which the plaintiff, Jennie Merrifield, was a passenger, was struck from behind by the automobile owned and operated by the defendant Nelson Canniff. Upon the trial of the action, the defendant, upon direct examination, testified that he was presently under medication and that he had epilepsy and was taking a medicine known as Myocholine. On motion by the plaintiffs, the Trial Judge ordered this testimony stricken from the record and instructed the jury to disregard the testimony. Decision was reserved on a motion for a mistrial made by the plaintiffs. The jury returned verdicts in favor of the plaintiffs and awarded the sum of $1,300 to Mrs. Merrifield for her injuries; the sum of $1,000 to Mr. Merrifield for his injuries; and the sum of $1,200 to Mr. Merrifield for loss of his wife's services and medical expenses. Mrs. Merrifield sustained a nonpermanent neck injury and a permanent injury to the base of her right thumb, and Mr. Merrifield also sustained a nonpermanent neck injury. The evidence shows, and the defendant admits, that Mr. Merrifield spent $830.20 for medical expenses of his wife; the sum of $567 for his own medical expenses and incurred the loss of $250 in wages. After the verdict, the trial court granted the plaintiffs' motions for a mistrial and for a new trial on the grounds that illegal and prejudicial evidence had been introduced by the defendant, and that the jury's verdicts were inadequate. The defendant contends that the testimony concerning the defendant's epileptic condition at the time of the trial was competent, material and relevant in that it was offered to explain why the defendant could not remember the facts of the accident and that this evidence should not have been stricken from the record. He further contends that verdicts of the jury should be reinstated. The record clearly indicates that the trial court properly ordered this testimony stricken from the record. There is no testimony connecting the defendant's epileptic condition with the happening of the accident, and the testimony of the defendant clearly shows that he had no difficulty in remembering the event as it happened. The obvious purpose of this testimony was to prejudice the minds of the jury to elicit sympathy for the defendant. It is also clear from the record that the plaintiffs were not guilty of any negligence and that the defendant was negligent. On the evidence, the verdicts are clearly inadequate to compensate the plaintiffs for their injuries. The order was granted on the ground that defendant introduced illegal and prejudicial evidence and on the "further" ground of inadequacy, and was fully warranted on each ground. In our opinion, there is no necessity for a new trial on the issue of liability since this has been established by verdicts fully supported by the record. The order appealed from should, therefore, be

modified so as to provide that the new trial be limited to the issue of damages. (CPLR 4404, subd. [a].) Order modified, on the law and the facts, so as to provide that the new trial be limited to the issue of damages, and, as so modified, affirmed, with costs to respondents. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.